Jeffrey A. Shooman
FORD HARRISON LLP
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922
Telephone: (973) 646-7300
Email: jshooman@fordharrison.com

Sarah P. Wimberly (*pro hac vice application pending*)
Patrick H. Ouzts (*pro hac vice application pending*)
FORD HARRISON LLP
271 17th Street NW, Suite 1900
Atlanta, Georgia 30363
Telephone: (404) 888-3800
Email: swimberly@fordharrison.com; pouzts@fordharrison.com

*Attorneys for United Airlines, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FEDRA ZUZUNAGA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | *Electronically Filed*<br><br>Case No. 2:18-cv-14173 (JLL) (JAD)<br><br>**ANSWER AND<br>SEPARATE DEFENSES** |

Defendant United Airlines, Inc. ("United") answers and responds to the Complaint filed by Plaintiff Fedra Zuzunaga ("Zuzunaga") as follows:

<u>AS TO "PRELIMINARY STATEMENT"</u>

1.	Paragraph 1 of Zuzunaga's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, United denies the allegations in Paragraph 1 of Zuzunaga's Complaint and expressly denies that it violated Section 2 of the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("Railway Labor Act") in any way.

<u>AS TO "PARTIES"</u>

2.	Responding to Paragraph 2 of Zuzunaga's Complaint, United admits that Zuzunaga was employed at its catering facility located at 330 Metroplex Road Newark, NJ 07114.  United admits that it hired Zuzunaga on April 25, 2007 and that it terminated her employment on or about August 21, 2018.  United is without knowledge or information sufficient to form a belief about the truth of the allegation that Zuzunaga currently resides in Elizabeth, New Jersey.  Except as expressly admitted, United denies the allegations in Paragraph 2 of Zuzunaga's Complaint.

3.	Responding to Paragraph 3 of Zuzunaga's Complaint, United admits the first sentence of this Paragraph.  United admits that it operates at Newark Liberty International Airport ("EWR"), that it considers EWR to be a hub of its operations, and that it operates a catering facility at EWR.  United admits that its catering department develops, creates and provides the great dining experiences on

board its aircraft.  Except as expressly admitted, United denies the allegations in Paragraph 3 of Zuzunaga's Complaint.

## AS TO "JURISDICTION AND VENUE"

4. The allegations in Paragraph 4 of Zuzunaga's Complaint state legal conclusions to which no response is required.

5. Responding to Paragraph 5 of Zuzunaga's Complaint, United admits that it does business within the District of New Jersey and that the events giving rise to Zuzunaga's Complaint (namely her termination) arose in the District of New Jersey.  Except as expressly admitted, United denies the allegations in Paragraph 5 of Zuzunaga's Complaint.

## AS TO "BACKGROUND FACTS"

6. Responding to Paragraph 6 of Zuzunaga's Complaint, United admits that UNITE HERE ("the Union") represents for purposes of collective bargaining employees in the food service industry.  United is without knowledge or information sufficient to form a belief about the truth of the allegation that the Union has been engaged since approximately 2017 in organizing employees of United Airlines' food production facilities, including the facility where Zuzunaga worked, and therefore denies them.  Except as expressly admitted, United denies the allegations contained in Paragraph 6 of Zuzunaga's Complaint.

7. Responding to Paragraph 7 of Zuzunaga's Complaint, United admits that Zuzunaga engaged in organizing activity. United is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 of Zuzunaga's Complaint and therefore denies them.

8. United admits the allegations contained in Paragraph 8 of Zuzunaga's Complaint.

9. The allegations in Paragraph 9 of Zuzunaga's Complaint state legal conclusions to which no response is required.

10. Responding to Paragraph 10 of Zuzunaga's Complaint, United admits that its preference was for catering employees to vote for no representation, however, United respected employees' right to vote and repeatedly informed them of that right and its respect for it. Except as expressly admitted, United denies the allegations in Paragraph 10 of Zuzunaga's Complaint.

11. Responding to Paragraph 11 of Zuzunaga's Complaint, United admits that it submitted to the National Mediation Board ("NMB") credible reports from its employees concerning misrepresentations and coercive conduct of Union organizers during the Union's efforts to solicit authorization cards. United further admits that on March 29, 2018 the NMB notified United and the Union that it was necessary to conduct an investigation to determine whether the showing of interest

was tainted.  Except as expressly admitted, United denies the allegations in Paragraph 11 of Zuzunaga's Complaint.

12.     Responding to Paragraph 12 of Zuzunaga's Complaint, United admits that on March 29, 2018 the NMB notified United and the Union that an investigation was necessary to determine whether the showing of interest was tainted.  United further admits that from April through July 2018 the NMB conducted an on-site investigation and interviewed United management officials, employees named in United's filings, randomly-selected employees and Union witnesses in EWR, Honolulu, Hawaii (HNL), San Francisco, California (SFO), Denver, Colorado (DEN), Cleveland, Ohio (CLE), and Houston, Texas (IAH).  Except as expressly admitted, United denies the allegations in Paragraph 12 of Zuzunaga's Complaint.

13.     United denies the allegations in Paragraph 13 of Zuzunaga's Complaint.  United states that the NMB selected the individuals who were interviewed.

14.     Responding to Paragraph 14 of Zuzunaga's Complaint, United admits that the NMB issued a determination on August 22, 2018, which authorized an election.  United further admits that the voting period was from September 18, 2018 through October 23, 2018.  Except as expressly admitted, United denies the allegations in Paragraph 14 of Zuzunaga's Complaint.

15. United denies the allegations in Paragraph 15 of Zuzunaga's Complaint. United states that on January 24, 2018 Zuzunaga marched through the employee cafeteria with a fifteen-foot banner while yelling, chanting, and banging on tables. United further states that she disrupted other employees and the peace and security of the cafeteria and that Zuzunaga screamed and yelled louder as management tried to calm the situation. United also states that Zuzunaga was withheld from service with pay following the incident on January 24, 2018 through January 31, 2018 pending United's investigation into her misconduct. Additionally, United states that due to Zuzunaga's misconduct, she was suspended without pay from February 1, 2018 through February 12, 2018 for violation of United's solicitation policy, insubordination and violating the Working Together Guidelines principles of professionalism and dignity and respect.

16. Responding to Paragraph 16 of Zuzunaga's Complaint, United admits that her unpaid suspension ended on February 12, 2018 and that she was issued a termination warning for her above-described misconduct. Except as expressly admitted, United denies the allegations in Paragraph 16 of Zuzunaga's Complaint.

17. Responding to Paragraph 17 of Zuzunaga's Complaint, United admits that Zuzunaga returned to work on February 13, 2018 and was generally known to support the Union. Except as expressly admitted, United denies the allegations in Paragraph 17 of Zuzunaga's Complaint.

18.     Responding to Paragraph 18 of Zuzunaga's Complaint, United admits that Zuzunaga's performance was monitored similar to any employee on termination warning.  Except as expressly admitted, United denies the allegations in Paragraph 18 of Zuzunaga's Complaint.

19.     Responding to Paragraph 19 of Zuzunaga's Complaint, United admits that Zuzunaga distributed roses in the cafeteria on February 14, 2018.  United is without knowledge or information sufficient to form a belief about the truth of whether the roses were printed with the slogan "We Love Equality."  United admits that the Union used the word "equality" as a campaign message.  United further admits that General Manager Elliot Mosby ("Mosby") reminded Zuzunaga of United's solicitation policy, but no discipline was issued to Zuzunaga as a result of her distributing the roses.  Except as expressly admitted, United denies the allegations in Paragraph 19 of Zuzunaga's Complaint.

20.     Responding to Paragraph 20 of Zuzunaga's Complaint, United admits that Zuzunaga distributed leaflets in the cafeteria on or about May 11, 2018. United further admits that supervisor Iris Martinez believed Zuzunaga's actions violated United's solicitation policy, so the two discussed the solicitation policy with representatives from United's Human Resources team.  United states that Zuzunaga was not disciplined as a result of this incident.  Except as expressly admitted, United denies the allegations in Paragraph 20 of Zuzunaga's Complaint.

21.     Responding to Paragraph 21 of Zuzunaga's Complaint, United admits the first sentence.  United is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of Zuzunaga's Complaint and therefore denies them.

22.     Responding to Paragraph 22 of Zuzunaga's Complaint, United is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

23.     Responding to Paragraph 23 of Zuzunaga's Complaint, United admits that employees were assigned to work in the hallway outside of Cooler 7 and that employees were given the option of using dry ice to keep food at a safe temperature.  United expressly denies that there was little or no ventilation and that employees were exposed to unsafe amounts of carbon dioxide.  Except as expressly admitted, United denies the allegations in Paragraph 23 of Zuzunaga's Complaint.

24.     Responding to Paragraph 24 of Zuzunaga's Complaint, United admits that on or about August 18, 2018 Zuzunaga expressed concerns about her health and safety due to listeria, was taken to the clinic and released to work without restriction, but wanted to go to a hospital for further testing.  United further admits that it released Zuzunaga from work so she could seek treatment as she deemed

was necessary.  Except as expressly admitted, United denies the allegations in Paragraph 24 of Zuzunaga's Complaint.

25.     Responding to Paragraph 25 of Zuzunaga's Complaint, United admits that the Union distributed leaflets regarding listeria and dry ice on or about August 18, 2018.  United is without knowledge or information sufficient to form a belief about the truth of whether Zuzunaga handed out those leaflets after she voluntarily left work to seek medical treatment.  Except as expressly admitted, United denies the allegations in Paragraph 25 of Zuzunaga's Complaint.

26.     United admits the allegations in Paragraph 26 of Zuzunaga's Complaint.

27.     Responding to Paragraph 27 of Zuzunaga's Complaint, United admits the first sentence.  United further admits that it issued to Zuzunaga a termination letter that explains the basis for her termination and that the document speaks for itself.  Except as expressly admitted, United denies the allegations in Paragraph 27 of Zuzunaga's Complaint.

28.     Responding to Paragraph 28 of Zuzunaga's Complaint, United admits that Zuzunaga allowed yogurt to exceed acceptable temperatures.  Except as expressly admitted, United denies the allegations in Paragraph 28 of Zuzunaga's Complaint.

29. Responding to Paragraph 29 of Zuzunaga's Complaint, United admits the first sentence. United is without knowledge or information sufficient to form a belief about the truth of the second and third sentences of this Paragraph. United expressly denies that Zuzunaga had not previously been disciplined for food safety violations. Except as expressly admitted, United denies the allegations in Paragraph 29 of Zuzunaga's Complaint.

30. United denies the allegations contained in Paragraph 30 of Zuzunaga's Complaint. United states that Zuzunaga's termination letter explains the basis for her termination and that the document speaks for itself.

31. United denies the allegations contained in Paragraph 31 of Zuzunaga's Complaint.

## AS TO "FIRST CAUSE OF ACTION"

32. United incorporates here by reference its forgoing responses to paragraphs 1-31 of Zuzunaga's Complaint as if set forth fully herein.

33. The allegations in Paragraph 33 of Zuzunaga's Complaint state legal conclusions to which no response is required.

34. The allegations in Paragraph 34 of Zuzunaga's Complaint state legal conclusions to which no response is required.

35. United denies the allegations set forth in Paragraph 35 of Zuzunaga's Complaint.

36. United denies the allegations set forth in Paragraph 36 of Zuzunaga's Complaint.

37. United denies the allegations set forth in Paragraph 37 of Zuzunaga's Complaint.

38. United denies the allegations set forth in Paragraph 38 of Zuzunaga's Complaint.

## AS TO "REQUEST FOR RELIEF"

To the extent the paragraphs beginning with "*Wherefore*" and praying for relief require a response, United denies that Zuzunaga is entitled to any of the relief requested in such paragraphs and denies all allegations of the paragraphs.

## GENERAL DENIAL AND AFFIRMATIVE DEFENSES

## GENERAL DENIAL

United denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### *First Defense*

Zuzunaga did not suffer any damages attributable to any actions of United.

### *Second Defense*

Zuzunaga's Complaint fails to state a claim upon which relief can be granted.

### *Third Defense*

Zuzunaga's claims are barred by operation of the doctrines of judicial or equitable estoppel.

### Fourth Defense

Zuzunaga's claims are barred by operation of the doctrines of unclean hands and/or waiver.

### Fifth Defense

To the extent that Zuzunaga failed to make reasonable efforts to mitigate her alleged damages, her right to recovery is barred.

### Sixth Defense

United's actions were taken in good faith and based on legitimate reasons.

### Seventh Defense

Zuzunaga's claims are barred to the extent that United would have taken the challenged actions irrespective of any alleged unlawful motive, which unlawful motive is denied.

### Eighth Defense

To the extent that Zuzunaga's claims are frivolous, unreasonable, groundless, or brought in bad faith and for improper purposes, United is entitled to recover attorneys' fees and other costs associated with the defense of this action.

### Ninth Defense

To the extent Zuzunaga's claims are barred in whole or in part by the after-

acquired evidence doctrine, Zuzunaga is barred from recovery for such claims.

### *Tenth Defense*

To the extent Zuzunaga requests punitive damages, the request is barred because the legal and/or factual bases for her claims do not permit the recovery of punitive damages.

### *Eleventh Defense*

To the extent Zuzunaga purports to allege a claim or claims for emotional and/or mental distress, and/or physical injuries, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1, *et seq.*

### *Twelfth Defense*

United reserves the right to amend and/or supplement its answer and defenses, to assert additional defenses, and/or raise third-party claims upon the particularization of Zuzunaga's claims, as they become evident through discovery or investigation.

WHEREFORE, Defendant requests that the Court:

(a)   dismiss with prejudice Zuzunaga's Complaint:

(b)	deny each and every demand, claim and prayer for relief in Zuzunaga's Complaint;

(c)	award to United reimbursement for costs, including attorneys' fees; and,

d)	grant such other and further relief as the Court deems just and proper.

## L. CIV. RULE 11.2 INITIAL CERTIFICATION

Under 28 U.S.C. § 1746, the undersigned certifies to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

## CERTIFICATION REGARDING FILING AND SERVICE

The undersigned hereby certifies a copy of this pleading was filed and served within the time permitted by the Federal Rules of Civil Procedure. The undersigned further certifies on November 2, 2018, the foregoing pleading was served upon all parties via ECF electronic filing.

Dated: November 2, 2018

Respectfully submitted,

By: /s/ *Jeffrey A. Shooman*
Jeffrey A. Shooman
**FORD HARRISON LLP**
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922
Phone: (973) 646-7300
Email: jshooman@fordharrison.com

Sarah P. Wimberly (*pro hac vice application pending*)
Patrick H. Ouzts (*pro hac vice application pending*)
**FORD HARRISON LLP**
271 17th Street NW, Suite 1900
Atlanta, Georgia 30363
Telephone: (404) 888-3800
Email: swimberly@fordharrison.com;
pouzts@fordharrison.com

*Attorneys for Defendant*

WSACTIVELLP:10076258.2